UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CONSTANTINO BASILE,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO., *et al.*,<br><br>Defendants. | Case No. 2:15-cv-01883-RFB-VCF<br><br>**ORDER** |

I.  INTRODUCTION

Before the Court is a Motion to Dismiss or, in the Alternative, a Motion to Strike, and/or Motion for a More Definite Statement. ECF No. 7. This case arises from a series of events taking place during and after Plaintiff Constantino Basile's flight on Defendant Southwest Airlines Flight #502 from San Francisco to Burbank, with a layover in Las Vegas, on March 19, 2015. See Compl., ECF No. 1. For the reasons stated below, Defendant's Motion is granted and Plaintiff's Complaint is denied without prejudice with leave to refile.

II.  BACKGROUND

    A.  Factual Allegations

Plaintiff alleges in his Complaint (ECF No. 1) that on March 19, 2015 while onboard

Southwest Flight #502 from San Francisco to Burbank, California, with a layover in Las Vegas, someone induced a flight attendant to "contrive an incident and try to have Plaintiff falsely arrested or killed." Compl. at 3. Plaintiff alleges that he ordered a drink during the flight and was prepared to pay the bill in cash. Id. at 3-4. The flight attendant informed him that she could accept only credit cards. Id. at 4. A man sitting next to Plaintiff offered to pay for Plaintiff's drink with his own credit card. Id. The flight attendant refused to accept payment from the man seated next to Plaintiff. Id.

When the plane landed, Plaintiff alleges that the Las Vegas Metro Police Department (LVMPD) Airport Police stopped Plaintiff as he exited the plane during the layover and began questioning him regarding the incident. Id. at 4-5. The flight attendant had called the Police and reported that Plaintiff was out of control on the airplane, and that she had witnesses to verify this claim. Id. at 5. Plaintiff does not indicate in his Complaint whether he was officially reprehended by the Police, and states only that he left the terminal. Id. at 6.

Plaintiff alleges the following causes of action: defamation; recklessness; intentional infliction of severe emotional distress; breach of implied contract; and breach of implied covenant of good faith and fair dealing.

### B. Procedural History

Plaintiff filed his Complaint on October 1, 2015. ECF No. 1. Defendant filed the instant Motion to Dismiss, or alternatively, Motion to Strike or Motion for More Definite Statement, on October 26, 2015. ECF No. 7.

### III. LEGAL STANDARD

"The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332…She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006) (internal citations omitted). To invoke a federal court's limited subject matter jurisdiction, a complaint need only provide "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Ordinarily, the court

1   will accept the plaintiff's factual allegations as true unless they are contested by the defendant.
2   Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014).

3   A defendant may move to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). If subject matter jurisdiction is challenged, the burden is on the party asserting jurisdiction to establish it. In re Dynamic Random Access Memory Antitrust Litigation, 546 F.3d 981, 984 (9th Cir. 2008) (citations omitted). Dismissal under Rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face that are sufficient to establish subject matter jurisdiction. Id. at 984-85. The party asserting diversity jurisdiction is required only to allege, and not prove, diversity at the pleading stage. See Kanter v. Warner–Lambert Co., 265 F.3d 853, 857 (9th Cir.2001) (holding that "failure to specify state citizenship was fatal to [an] assertion of diversity jurisdiction").

### IV.   DISCUSSION

The Court construes Defendant's Motion to Dismiss as arising under Fed. R. Civ. Pr. 12(b)(1), wherein a defendant may move to dismiss a complaint for lack of subject matter jurisdiction. Specifically, Defendant appears to bring a facial challenge to Plaintiff's allegations, arguing that Plaintiff has not stated a basis for this Court's jurisdiction given that no federal question is implicated, and Plaintiff has not alleged facts that would establish diversity jurisdiction. See Mot. Dismiss. Plaintiff does not respond to this specific argument in his opposition or surreply. See Opp'n, ECF No. 12; Surreply, ECF No. 16.

In his Complaint, Plaintiff asserts state law, not federal law, claims. See ECF No. 1. Specifically, Plaintiff alleges the following causes of action: defamation; recklessness; intentional infliction of severe emotional distress; breach of implied contract; and breach of implied covenant of good faith and fair dealing. See Id. Therefore, federal question jurisdiction is not implicated based on the current Complaint. Plaintiff must therefore establish subject matter jurisdiction by invoking diversity jurisdiction. See 28 U.S.C. § 1332.

Section 1332, governing diversity jurisdiction, is "to be strictly construed," and any doubts about whether the Court has diversity jurisdiction should be resolved against finding jurisdiction.

Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1092 (9th Cir. 1983). In this case, Plaintiff has not alleged the citizenship of the parties and therefore has failed to satisfy the requirements of Fed. R. Civ. P. 8(a)(1) regarding "a short and plain statement of the grounds for the court's jurisdiction." See Compl. He has therefore failed to meet his burden to allege facts sufficient to establish subject matter jurisdiction, given that he is seeking jurisdiction in this Court. Therefore, the Court grants Defendant's Motion to Dismiss. The Court therefore denies Defendant's alternative requests to strike Plaintiff's Complaint and/or require Plaintiff file a more definite statement.

## IV.   CONCLUSION

**IT IS ORDERED** that Defendant's Motion to Dismiss (ECF No. 7) is GRANTED. Plaintiff's Complaint is dismissed without prejudice with leave to file an Amended Complaint in satisfaction of this Court's Order. The Plaintiff shall file an Amended Complaint by August 2, 2016.

**DATED** July 12, 2016.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**