**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

CONSTANTINO BASILE, an individual,

        Plaintiff,

vs.

SOUTHWEST AIRLINES; *et.al.*,

        Defendants.

Case No. 2:15–cv–1883–RFB–VCF

**<u>ORDER</u>**

MOTION TO STAY (ECF NO. 59)

      Before the court are Southwest's motion to stay (ECF No. 59), Basile's response (ECF No. 61), and Southwest's reply (ECF No. 63). For the reasons stated below, Southwest's motion is granted.

**I. Discussion**

      The court applies a two-part test when evaluating whether a stay of discovery should be imposed. *TradeBay, LLC v. Ebay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011) (citations omitted). First, the pending motion must be potentially dispositive of the entire case or at least the issue on which discovery is sought. *Id.* Second, the court must determine whether the pending motion to dismiss can be decided without additional discovery. *Id.* When applying the second prong, the court must take a preliminary peek at the merits of the pending dispositive motion to assess whether a stay is warranted. *Id.* The purpose of the preliminary peek is not to prejudge the outcome of the motion to dismiss. *Id.* Rather, the court's role is to evaluate the propriety of an order staying discovery. *Id.*

      The first part of the *Tradebay* test is satisfied as Southwest as moved to dismiss Basile's first amended complaint in its entirety. (ECF No. 58) This court has taken its preliminary peak at Southwest's motion to dismiss and finds that a stay of discovery is warranted.

1

In his response, Basile does not state that he needs discovery in order to properly oppose Southwest's motion to dismiss. (ECF No. 61) He instead states that "[t]here are significant factual issues already present and additional discovery is needed." (*Id.*) It is clear from the context of Basile's opposition, that this is a request to be allowed to conduct general discovery rather than a request for discovery related to the motion to dismiss.

Basile's first amended complaint alleges six causes of action: (1) defamation; (2) "recklessness"; (3) intentional infliction of severe emotional distress; (4) breach of implied contract; (5) breach of implied covenant of good faith and fair dealing; and (6) civil conspiracy. (ECF No. 56) Basile's causes of action appear to be predicated on Southwest airline's alleged involvement in a large, multi-state conspiracy against him. (ECF No. 61)

Discovery on these six causes of action would be extensive. Basile attached over 100 pages of exhibits to his first amendment complaint (ECF No. 56) and nearly 300 pages of exhibits to his opposition to the motion to stay (ECF No. 61) A vast majority of these documents relate to the alleged theft of his intellectual property by the Los Angeles Film School and Twentieth Century Fox as well as at least two prior lawsuits seeking relief based on the alleged theft of his intellectual property. (ECF No. 61)

A stay of discovery would be in the best interest of both parties especially since "it appears that [Basile] has no chance of prevailing on the motion to dismiss." *Guerra v. Just Mortg. Inc.*, No. 2:10-CV-00029-KJD-RJJ, 2010 WL 3307473, at *1 (D. Nev. Aug. 18, 2010)

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Southwest's motion to stay (ECF No. 59) is GRANTED.

IT IS FURTHER ORDERED that, in the event Southwest's Motion to Dismiss is denied, the parties MUST file a proposed Discovery Plan and Scheduling Order within twenty days of the court's decision.

IT IS FURTHER ORDERED that a status hearing is set for 10:00am on March 27, 2017.

IT IS SO ORDERED.

DATED this 26th day of August, 2016.

                                                _____
                                                CAM FERENBACH
                                                UNITED STATES MAGISTRATE JUDGE