# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CONSTANTINO BASILE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO., and JOHN/JANE DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:15-cv-01883-RFB-VCF |

## DISCOVERY PLAN AND ORDER

WHEREAS, Defendant's Motion to Dismiss Plaintiff's Amended Complaint pursuant to FRCP 12(b)(6) (Doc. 58) having come on for hearing before the Court on March 6, 2017;

WHEREAS, all of Plaintiff's Claims for Relief having been dismissed, with prejudice, with the sole exception of Claim Number One for Defamation; and

WHEREAS, the Court will allow limited discovery on the circumstances surrounding Plaintiff's defamation claim,

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** as follows:

(1) All discovery shall be concluded no later than 90 days after the date of this Order.

(2) Plaintiff may take the depositions of up to five witnesses with relevant knowledge of the circumstances surrounding the defamation claim, each deposition to last no more than two hours.

(3) Defendant may take the deposition of up to five witnesses, including Plaintiff herein, with relevant knowledge of the circumstances surrounding the defamation claim, each deposition to last no more than two hours.

(4) As previously ordered by the United States Magistrate Judge (Doc. #23), depositions to be taken by Plaintiff shall be conducted at the Lloyd D. George United States Courthouse, and Plaintiff is to coordinate the date and time of said depositions with Magistrate Ferenbach's Judicial Assistant, Mai Tieu, at (702) 464-5540.

(5) Insofar as depositions to be taken by Plaintiff will be taken at the Courthouse, as aforesaid, Defendant agrees to produce any current Southwest Airlines employees, who otherwise qualify under No. (2), above, for their depositions at the Courthouse.

(6) Defendant will not be allowed to take the deposition of the San Francisco Southwest Airlines counter employee.

(7) Defendant will use best efforts to provide Plaintiff with contact information for the Metropolitan Police Officer who detained and questioned Plaintiff following arrival of Flight 502 at Las Vegas McCarran Airport.

(8) Defendant will use best efforts to locate any recordings of communications between Southwest Airlines employees and/or Metro pertaining to this incident.

(9) The scope of all depositions taken by either party shall be strictly limited to factual information directly relating to the alleged defamation, and no personal information such as telephone numbers, social security numbers, bank account numbers, cell phone providers, financial information, and any other such information of whatsoever nature shall be inquired into or allowed.

(10) The passenger manifest for Southwest Airlines Fight No. 502 shall not be made available.

**IT IS FURTHER ORDERED** that discovery is referred to Magistrate Judge Ferenbach.

**IT IS FURTHER ORDERED** that Plaintiff **MUST** sit for a deposition by Defendant. If Plaintiff does not submit to a deposition in this case within 75 days of the date of this order, he may be subject to sanctions up to and including monetary sanctions and dismissal of his entire case.

IT IS SO ORDERED this 28th day of March, 2017.

_____
RICHARD F. BOULWARE II
UNITED STATES. DISTRICT JUDGE