**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| CONSTANTINO BASILE, | Case No. 2:15-cv-01883-RFB-VCF |
| Plaintiff, | **<u>AMENDED ORDER</u>** |
| v. | |
| SOUTHWEST AIRLINES CO., *et al.*, | |
| Defendants. | |

    Before the Court are Plaintiff Constantino Basile ("Plaintiff")'s Motion for Reconsideration, (ECF No. 74), Plaintiff's Motion for Summary Judgment (ECF No. 78), and Defendant Southwest Airlines Company ("Defendant")'s Countermotion for Summary Judgment (ECF No. 85). The Court begins by addressing the countermotions for summary judgment. All of the necessary discovery has not taken place in this case, as directed by this Court's prior Order. In its prior Order (ECF No. 82), the Court ordered Defendant to produce up to five individuals familiar with the circumstances of Plaintiff's defamation claim. The Court understands that, although Plaintiff's deposition was taken on May 3, 2017, no depositions of Southwest Airlines employees have yet been taken in this case. The Court therefore denies the countermotions for summary judgment, and reopens discovery for a period of seventy-five days, to include the depositions as set forth in this Court's prior Order.

The Court now addresses Plaintiff's Motion for Reconsideration. "As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001) (citation and quotation marks omitted). The Court has discretion to grant or deny a motion for reconsideration. Navajo Nation v. Norris, 331 F.3d 1041, 1046 (9th Cir. 2003). However, "[a] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (citation and quotation marks omitted).

Plaintiff requests that the Court reconsider its dismissal of his recklessness claim, pursuant to Federal Rule of Civil Procedure 60(b)(6) and Local Rule 59-1. Rule 60(b) permits a court to grant a party relief from a final judgment or order due to exceptions specified in (b)(1)-(5) or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Local Rule 59-1(a) provides in relevant part: "A party seeking reconsideration under this rule must state with particularity the points of law or fact that the court has overlooked or misunderstood. . . . The court possesses the inherent power to reconsider an interlocutory order for cause, so long as the court retains jurisdiction." These motions are disfavored. LR 59-1(b). The Court finds there is no basis to grant Plaintiff relief from the prior dismissal of the recklessness claim. At a hearing on March 6, 2017, the Court stated that Plaintiff failed to show damages cognizable in a recklessness action or any other action sounding in negligence. Plaintiff does not raise any new arguments in his Motion – the potentially valid arguments he does raise are more appropriate for his defamation cause of action, which he may address in a refiled Motion for Summary Judgment. Therefore, the Court denies the motion for reconsideration.

### IV. CONCLUSION

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration, (ECF No. 74), is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 78) is DENIED without prejudice.

**IT IS FURTHER ORDERED** that Defendant's Countermotion for Summary Judgment (ECF No. 85) is DENIED without prejudice.

**IT IS FURTHER ORDERED** that discovery in this case is reopened for 75 days. The parties shall submit separate proposed discovery plans within **one week** of this order.

**IT IS FURTHER ORDERED** that the case is referred to the Magistrate Judge for purposes of discovery.

**DATED:** January 25, 2018.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**