# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

CONSTANTINO BASILE,

    Plaintiff,

vs.

SOUTHWEST AIRLINES, *et al.*,

    Defendants.

2:15-cv-01883-RFB-VCF

**ORDER**

MOTION TO COMPEL DISCOVERY [ECF NO. 106] AND MOTION TO COMPEL NEUROPSYCHOLOGICAL EXAM [ECF NO. 108]

    Before the Court is Defendant Southwest Airlines' Motions to Compel Discovery (ECF No. 106) and a Neuropsychological Exam of Plaintiff (ECF No. 108). For the reasons stated below, Defendant's motions are granted.

    Plaintiff asserts he was defamed by Defendant,[1] leading to $100,000,000 in general and exemplary damages. (ECF No. 56 at 16-18, 29). In December 2015, Defendant served interrogatories on Plaintiff asking for facts supporting Plaintiff's claims and damages. (ECF No. 106 at 3-8). Plaintiff objected to each interrogatory. (*Id.*). At a February 6, 2018 hearing, Plaintiff asserted he suffered from PTSD following the incident. (ECF No. 108-2 at 12, 16). Judge Boulware discussed with Plaintiff how "anyone…who raises an issue of some type of damages, psychiatric or otherwise, they have to be able to be examined by…a defendant's expert." (ECF No. 108-2 at 15-16). Plaintiff stated that he understood that he would have to be examined and "wouldn't have a problem setting the exam 45 days from now." (*Id.* at 16, 19).

---

[1] Plaintiff originally brought several other claims against Defendant which have since been dismissed. (ECF No. 70).

1    Defendant subsequently moved to compel discovery and Plaintiff's neuropsychological exam. (ECF No. 106 and 108). Defendant argues that Interrogatories 1-2 and 7-14 are relevant and must be answered. (ECF No. 106 at 9-12). Defendant also asserts "Plaintiff's mental condition is clearly in controversy, and there is clearly good cause for the requested neuropsychological exam." (ECF No. 108 at 6). Plaintiff's response discusses issues that are not relevant to the motions, such as depositions (ECF No. 111 at 2-3, 11-12, 18-20) and the merits of the case (*Id.* at 4-6, 8-15). Plaintiff argues that Defendant's interrogatories were asked and answered at the February 6, 2018 hearing (*Id.* at 8, 15) and there is no need for a neuropsychological examination (*Id.* at 6-8, 20).

"[A] party may move for an order compelling disclosure or discovery" if "a party fails to answer an interrogatory submitted under Rule 33." Fed. R. Civ. P. 37(a)(1), 37(a)(3)(B)(iii). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). "The court where the action is pending may order a party whose mental or physical condition…is in controversy to submit to a physical or mental examination" based on a "motion for good cause." Fed. R. Civ. P. 35(a).

The Court finds good cause to compel responses to Defendant's interrogatories 1-2 and 7-14 and Plaintiff's neuropsychological examination in this case. Interrogatories must be answered "separately and fully in writing" (Fed. R. Civ. P. 33(b)(3)), rather than addressed with other issues during a hearing. Defendants are entitled to a clear, written response to each interrogatory. While Plaintiff initially objected to the interrogatories on the bases of relevancy, privacy, and vagueness (ECF No. 106 at 4-8), Plaintiff did not address these objections in the response to Defendant's motion to compel. In addition, the Court is not persuaded by these objections. The interrogatories ask for relevant information related to Plaintiff's claims and do not appear to be unduly burdensome or overbroad. The Court also finds that Plaintiff's mental condition is in controversy due to Plaintiff's assertion that he suffers from PTSD as "a direct result of the actions of" Defendant. (ECF No. 111 at 20). Defendant has shown good cause for a

neuropsychological examination, as Plaintiff acknowledged before Judge Boulware. (ECF No. 108-2 at 16, 19).

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that Defendant's Motions to Compel Discovery (ECF No. 106) and a Neuropsychological Exam of Plaintiff (ECF No. 108) are GRANTED.

IT IS FURTHER ORDERED that Plaintiff has until March 30, 2017 to fully respond to Defendant's Interrogatories 1-2 and 7-14.

IT IS FURTHER ORDERED that Plaintiff's neuropsychological examination will take place before Dr. Leark beginning at 9:00 a.m. on April 7, 2018 in Las Vegas, Nevada at a place to be determined by Defendant. The examination may continue from day to day until completed, but not more than three days.

DATED this 14th day of March, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE