**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| CONSTANTINO BASILE,<br><br>  Plaintiff,<br><br>vs.<br><br>SOUTHWEST AIRLINES, *et al.*,<br><br>  Defendants. | 2:15-cv-01883-RFB-VCF<br>**REPORT AND RECOMMENDATION**<br><br>MOTION TO DISMISS COMPLAINT OR LIMIT TESTIMONY [ECF NO. 115] AND MOTION TO COMPEL OR VACATE ORDER [ECF NO. 116] |

Before the Court is Defendant Southwest Airlines' Motion to Dismiss Plaintiff's Complaint as Sanction for Failure to Complete Court-Ordered Mental examination or in the Alternative to Limit Testimony on Damages at Trial (ECF No. 115) and Plaintiff Constantino Basile's Motion to Compel Cooperation with Discovery or in the Alternative Vacate the Court's Order for Rule 35 Neurological Exam (ECF No. 116). For the reasons stated below, Defendant's motion should be granted and Plaintiff's motion should be denied. Plaintiff should be precluded from presenting evidence at trial regarding any damages related to his mental state.

Plaintiff asserts he was defamed by Defendant. (ECF No. 56). At a February 6, 2018 hearing, Plaintiff asserted he suffers from PTSD and a fear of flying following the incident. (ECF No. 107 at 12, 16, 19). Judge Boulware discussed with Plaintiff how Defendant would be permitted to have an expert examine Plaintiff to evaluate this claim. (*Id.* at 14-26). Plaintiff did not object to the examination at the hearing. In order to "make this a more focused exam," Judge Boulware directed Plaintiff to "disclose to the defendant a statement that indicates what type of damage you feel that you have suffered mentally and

1

1  psychologically." (*Id.* at 20-21). However, Judge Boulware stated that he "wouldn't expect that there
2  would be any limitations [to the examination] so long as the examination is based upon what would be
3  established methods by the expert in their respective field in terms of assessing your mental health." (*Id.*
4  at 22). Judge Boulware informed Plaintiff that he could "seek some sort of protective order…as relates
5  to the findings of the defense expert." (*Id.* at 15). The Court subsequently ordered that "Plaintiff's
6  neuropsychological examination will take place before Dr. Leark beginning at 9:00 a.m. on April 7, 2018
7  in Las Vegas, Nevada at a place to be determined by Defendant. The examination may continue from day
8  to day until completed, but not more than three days." (ECF No. 114 at 3).

9       Dr. Leark and Plaintiff completed the first day of Plaintiff's examination on April 7, 2018. (ECF
10 No. 115 at 5-6). However, Plaintiff sent an email to Defendant the next day stating that he would not
11 continue the examination until he received further direction from the Court. (ECF No. 115-4). Plaintiff
12 asserted that Dr. Leark had not received or reviewed all the necessary preparatory materials and "wanted
13 only to find some way to report that I was not cooperating." (*Id.*). Plaintiff argued that "a doctor cannot
14 properly conduct an analysis or formulate an opinion about the event without reading and reviewing the
15 complete PTSD Report and all of its materials." (*Id.*). Though Defendant responded, stating that Plaintiff
16 "must continue with the testing today as ordered by the court" (ECF No. 115-5), Plaintiff did not
17 participate in any further examination (ECF No. 115 at 7).

18      On April 10, 2018, Defendant filed a motion for sanctions against Plaintiff (ECF No. 115) and
19 Plaintiff filed a motion for the Court to either vacate the examination or direct Defendant to conduct the
20 examination properly (ECF No. 116). Defendant argues that, based on Plaintiff's violation of the Court's
21 order setting the examination, Plaintiff's complaint should be dismissed or Plaintiff "should be precluded
22 from arguing, alleging, or otherwise asserting any damages in this case." (ECF No. 115 at 10-11).
23 Plaintiff argues that he "is not in violation of this Court's order by requesting help from the Court when
24 encountering a problem during discovery that requires guidance, in this particular case what needs to be
25

2

compelled is the cooperation of Defendant's counsel to properly inform Dr. Leark that he must read and review the PTSD Report in its entirety." (ECF No. 118 at 3-4). Plaintiff asserts that "[t]he second and if needed third day of testing could not continue before requesting guidance from this Court as Dr. Leark denied having received the exhibits upon which this case and the understanding of the facts of the case relies." (ECF No. 118 at 2). Plaintiff also contends that

> Dr. Leark's already suspicious behavior and failure to cooperate in establishing a necessary fact of his receipt of all materials to the Plaintiff's PTSD Report indicates that his review of the interview and written tests would be unfair and unjustly favor the Defendant, furthering the agenda initiated by Southwest personnel on 3-19-15, to present false facts to this Court through conspiracy and create a false depiction of Plaintiff's mental health and character.

(ECF No. 116 at 8).

The Court can sanction a party for failure to "obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). Sanction may include "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence" or "dismissing the action or proceeding in whole or in part." *Id.* The Court considers five factors to determine whether case-dispositive sanctions are appropriate: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (quoting *Jorgensen v. Cassiday,* 320 F.3d 906, 912 (9th Cir. 2003).

The Court finds that Plaintiff violated the Court's order setting Plaintiff's examination. Though Plaintiff argues further examination would have been inappropriate without further direction from the Court, this was not Plaintiff's decision to make. Plaintiff unilaterally terminated the examination based on his long-standing belief that Defendant is conspiring to "create a false depiction of Plaintiff's mental

health and character." (ECF No. 116 at 8). The failure of the examination was due to Plaintiff's behavior rather than the actions of Defendant or Dr. Leark.

Plaintiff has misconstrued the Court's directions regarding his examination. Plaintiff apparently believes that the Court ordered Dr. Leark to read and review the PTSD Report in its entirety prior to Plaintiff's examination, and to take the report into account in his findings. (ECF No. 118 at 3-4). However, the Judge Boulware ordered the PTSD Report merely to "make this a more focused exam" while stating that he "wouldn't expect that there would be any limitations [to the examination] so long as the examination is based upon what would be established methods by the expert in their respective field in terms of assessing your mental health." (ECF No. 107 at 22). The Court expected Dr. Leark to follow the established methods used by experts in his field in rendering an opinion. The Court did not limit Dr. Leark's methodology as Plaintiff suggests.[1] In addition, when a dispute arose during the examination, unilaterally terminating the examination was not the proper response.[2] Judge Boulware informed Plaintiff that he could "seek some sort of protective order…as relates to the findings of the defense expert." (*Id.* at 15). Rather than wait for Dr. Leark to render an opinion and raise potential issues with the materials he reviewed and how he conducted the examination, Plaintiff's actions prevented Dr. Leark from rendering any opinion at all.

Plaintiff's actions have prejudiced Defendant's ability to defend itself against Plaintiff's claims that he suffers from PTSD and a fear of flying. Ordering a further examination would likely be ineffective. Plaintiff has maintained a hostile attitude towards Defendant throughout this case, and the feeling has extended to Defendant's expert. Any further examination will face the same roadblock as this one:

---

[1] Even if the Court had explicitly ordered Dr. Leark to review Plaintiff's PTSD Report, Defendant has provided evidence that the report was provided to Dr. Leark. (ECF No. 115-6). Plaintiff bases his belief that Dr. Leark failed to review the report on Dr. Leark's allegedly "evasive" responses to Plaintiff's questions regarding the material Dr. Leark received and reviewed. (ECF No. 115-4).

[2] The Court acknowledges that the examination took place on a Saturday, which can cause some difficulties in seeking immediate responses from the Court during a dispute. However, the Court also notes that Plaintiff waited until 5:23 a.m. the following morning to inform Defendant that he would not attend the second day of the examination. (ECF No. 115-4).

Plaintiff's belief that Defendant's expert "would be unfair and unjustly favor the Defendant, furthering the agenda initiated by Southwest personnel on 3-19-15, to present false facts to this Court through conspiracy." (ECF No. 116 at 8). Because Defendant will be unable to procure expert testimony regarding Plaintiff's claims that he suffers from PTSD and a fear of flying, Plaintiff should be precluded from presenting evidence at trial regarding any damages related to his mental state. However, the Court should not dismiss Plaintiff's complaint in its entirety. As noted by Judge Boulware, Plaintiff's defamation claim may be able to proceed based on presumed damages rather than proof of actual damages. (ECF No. 83 at 17).

Accordingly, and for good cause shown,

IT IS HEREBY RECOMMENDED that Defendant's Motion to Dismiss Plaintiff's Complaint as Sanction for Failure to Complete Court-Ordered Mental examination or in the Alternative to Limit Testimony on Damages at Trial (ECF No. 115) be GRANTED and Plaintiff be precluded from presenting evidence at trial regarding any damages related to his mental state.

IT IS FURTHER RECOMMENDED that Plaintiff's Motion to Compel Cooperation with Discovery or in the Alternative Vacate the Court's Order for Rule 35 Neurological Exam (ECF No. 116) be DENIED.

DATED this 3rd day of May, 2018.

                                                                             CAM FERENBACH
                                                                             UNITED STATES MAGISTRATE JUDGE