UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CONSTANTINO BASILE, | Case No. 2:15-cv-01883-RFB-VCF |
| Plaintiff, | |
| v. | **ORDER** |
| SOUTHWEST AIRLINES CO., *et al*, | |
| Defendants. | |

This action, filed by Plaintiff Constantino Basile ("Plaintiff") was commenced on October 1, 2015. (ECF No. 1). In the operative Amended Complaint (ECF No. 56), Plaintiff asserts the following causes of action against Defendant Southwest Airlines Company ("Defendant"): (1) defamation; (2) recklessness; (3) intentional infliction of severe emotional distress; (4) breach of implied contract; (5) breach of implied covenant of good faith and fair dealing; and (6) civil conspiracy. The Court held a hearing on Defendant's Motion to Dismiss (ECF No. 58) on March 6, 2017, and dismissed on the record all of Plaintiff's claims except the defamation claim.

Plaintiff filed a Motion for Reconsideration (ECF No. 74) and both parties filed Motions for Summary Judgment (ECF Nos. 78, 85). On January 27, 2018, the Court denied these motions, and reopened discovery for a period of 75 days, and shortly thereafter ordered the parties' appearance at a hearing regarding discovery. (ECF No. 99). The hearing was held on February 6, 2018. At the hearing, the Court provided guidance to the parties regarding the depositions of several Southwest employees. The Court also permitted Defendant to file a motion to compel

neuropsychological examination of Plaintiff.[1] On February 21, 2018 Defendant filed the Motion to Compel. (ECF No. 108). Plaintiff filed a Response on February 26, 2018. (ECF No. 111). Defendant filed a Reply on March 2, 2018. (ECF No. 113). Magistrate Judge Cam Ferenbach granted the motion on March 14, 2018, and also ordered Plaintiff to respond to Defendant's Interrogatories 1-2 and 7-14 by March 30, 2018. (ECF No. 114). The neuropsychological examination was set to take place beginning at 9:00am on April 7, 2018. Following Plaintiff's failure to complete the examination, on April 10, 2018, Defendant filed a Motion for Sanctions or Alternatively Motion to Limit Testimony. (ECF No. 115). The same day, Plaintiff filed a Motion to Compel. (ECF No. 116). Plaintiff filed a Response to the Motion for Sanctions on April 23, 2018. (ECF No. 118). Defendant filed a Reply on April 26, 2018. (ECF No. 121). Magistrate Judge Ferenbach entered a Report and Recommendation on May 3, 2018, recommending that Defendant's [115] Motion be granted and Plaintiff be precluded from presenting evidence at trial regarding any damages related to his mental state. (ECF No. 122). In the order, Magistrate Judge Ferenbach also denied Plaintiff's Motion to Compel. Objections to the Report & Recommendation were due on May 17, 2018. No objections were filed.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Local Rule IB 3-2(b). Where a party fails to object, however, a district court is not required to conduct "any review," de novo or otherwise, of the report and recommendations of a magistrate judge. Thomas v. Arn, 474 U.S. 140, 149 (1985).

Although Plaintiff failed to file objections to the Report & Recommendation, the Court has nonetheless reviewed the record in this case and concurs with Judge Ferenbach's recommendation

---

[1] At the hearing, Plaintiff consented to undergoing the examination.

to grant Defendant's Motion for Sanctions and deny Plaintiff's Motion to Compel. The Court also imposes an additional sanction, and now precludes Plaintiff from proceeding on presumed damages. Federal Rule of Civil Procedure 37(b)(2) permits the Court to impose a variety of sanctions, including prohibiting a disobedient party from supporting its claims or introducing evidence, due to a party's failure to obey a discovery order, such as an order under Rule 35. Plaintiff asserts a claim for defamation *per se*, and damages are typically presumed for such claims. See Pope v. Motel 6, 114 P.3d 277, 282 (Nev. 2005) (finding that "[a] false statement involving the imputation of a crime has historically been designated as defamatory per se" and therefore proof of damages is not required). However, the Court finds it appropriate to prohibit Plaintiff from asserting presumed damages. Plaintiff, as conceded at hearings in this case, has no expert testimony or other testimony or evidence of presumed damages besides his own assertions of alleged mental anguish. The success of Plaintiff's defamation *per se* claim therefore rests on his credibility, which Defendants cannot now meaningfully challenge due to Plaintiff's failure to complete the neurological examination. The Court also agrees with Judge Ferenbach's finding that ordering Plaintiff to complete another examination would be fruitless, and would serve only to further delay a case in which Plaintiff has repeatedly been uncooperative.

Because there is no means for Plaintiff to prove actual damages or assert presumed damages, the Court finds that Plaintiff cannot establish a defamation claim and therefore dismissal of this action is warranted. The Court does not lightly impose this further sanction, but finds that Plaintiff's conduct throughout this litigation and culminating in his unilateral termination of the neurological examination warrants dismissal. At multiple stages in this case, Plaintiff has disregarded this Court's orders and the Federal Rules of Civil Procedure and engaged in litigation conduct pursuant to his own whim. Based upon the Court's own observations of Plaintiff in hearings, the Court finds credible Defendant's contention that Plaintiff has continued to refuse to engage in meaningful and required conference on litigation issues.

On March 28, 2017, the Court entered a Discovery Plan and Order with clear instructions to the parties on setting depositions. (ECF No. 82). This Discovery Plan and Order incorporated the oral rulings and instructions issued by the Court on March 6, 2017. (ECF No. 70). While it is

3

not the Court's normal practice to permit parties to conduct depositions at the courthouse, the Court made an exception to accommodate the parties as the Defendant had legitimately raised concerns about Plaintiff's conduct given his interactions with its employees. However, before having sat for a deposition or conducting any discovery, Plaintiff filed a Motion for Summary Judgment on March 27, 2017. (ECF No. 78). Plaintiff was deposed in May 2017, but did not conduct the depositions of the witnesses he sought to depose. The Court had set depositions despite Defendant's objections and the Court had set forth special procedures for the taking of the deposition. Plaintiff refused to respond to Defendant's communications about the taking of the depositions. However, as Plaintiff is representing himself and given his claims scheduling difficulties, the Court reopened discovery over the Defendant's objection for 75 days on January 27, 2018. (ECF No. 99). The Court held a hearing on February 6, 2018 to ensure that the parties understood the Court's order on discovery. (ECF No. 109). Despite this guidance, Plaintiff willfully failed to meaningfully participate in the neuropsychological examination, and unilaterally terminated it.

The Court recognizes that "dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992), as amended (May 22, 1992) (citation omitted). In applying the five-factor test set forth by the Ninth Circuit, the Court finds that this case presents the extreme circumstances warranting dismissal. Id. at 1260-61 ("In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'") (citation omitted). The Court finds that these factors weigh in favor of dismissal. This case has been litigated for nearly three years, and Plaintiff has caused delays at multiple junctures. Both the public interest and judicial economy are served by dismissing this case. Defendant is prejudiced in part because, as discussed above, Defendant cannot adequately prepare its defense to damages without the results from the neuropsychological examination. Further, a presumption of injury arises from the occurrence of unreasonable delay in filing a

4

pleading ordered by the court or prosecuting an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The public policy favoring disposition of cases on their merits has been satisfied; not only has this action survived a Motion to Dismiss, the Court has permitted multiple rounds of summary judgment briefing and reopened discovery in light of Plaintiff's scheduling difficulties and in recognition of the challenges faced by pro se litigants. Finally, the Court need not further consider alternatives where it has already implemented them. Ferdik, 963 F.2d at 1262. Plaintiff filed a Motion for Summary Judgment without conducting any discovery, before his own deposition even took place, and in disregard of the Court's oral instructions. Rather than dismissing the action, the Court denied both parties' motions for summary judgment, provided renewed guidance to the parties in a written Order, and set a hearing to permit the parties to request any additional clarification they needed.

The Court must be able to "manage [its] docket[ ] without being subject to the endless vexatious noncompliance of litigants like [Plaintiff]." Id. at 1261. While the sanction of dismissal should rarely be imposed, this matter is one in which such sanction is warranted.

**IT IS THEREFORE ORDERED** that the Report and Recommendation (ECF No. 122) is ACCEPTED and ADOPTED in full. Plaintiff is precluded from presenting evidence regarding damages related to his mental state, and is further precluded from asserting presumed damages.

**IT IS FURTHER ORDERED** that this action is DISMISSED WITH PREJUDICE. Because Plaintiff has no means of establishing damages, he cannot prevail on his sole claim of defamation. All pending motions are denied. The Clerk of Court is instructed to enter judgment accordingly and close this case.

DATED: July 10, 2018.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**